I respectfully dissent from the majority as to its analysis and disposition of the sole assignment of error.
Former R.C. 2301.35(G) stated:[4]
 (G)(1) A court or administrative agency that issues or modifies a support order shall impose a processing charge that is the greater of two per cent of the support payment to be collected under a support order or one dollar per month on the obligor under the support order. The obligor shall pay the amount with every current support payment, and with every payment on arrearages. No court agency may call the charge a poundage fee.
I agree with the trial court's analysis of this language as set forth in its entry of November 22, 2000. That analysis is that the first sentence of R.C. 2301.35(G)(1) defines the authority of the court and the administrative agency. The court or the administrative agency imposes the processing charge. The second sentence conveys no authority to impose a processing fee but rather sets forth the obligor's responsibility to pay the fee and when to pay it.
Therefore, the analysis of how to calculate the processing fee must center on the first sentence of R.C. 2301.35(G)(1). That sentence states that the processing charge shall be (in most cases) two per cent of thesupport payment to be collected under a support order. (Emphasis added.) The issue is whether the "support payment to be collected under a support order" includes an order to pay on arrearages as well as an order to pay current support. An example will illustrate the difference in outcome. If support is $200.00 per month, the processing fee is $4.00. That fee is imposed, per the statute, even if the current support payment is not paid by the obligor. Therefore, if the obligor fails to pay the $200.00, the obligor now owes $200.00 plus $4.00. (The $4.00 is segregated and an accounting kept. It is clearly not support.) If the court now orders the obligor to pay off the $200.00 support arrearage in four monthly installments of $50.00 each, then the obligor should pay $200.00 plus $50.00 per month for four months. If the processing fee is imposed on the arrearage amount, pursuant to the argument that the arrearage order is a support payment to be collected under a support order, then the processing fee would be $5.00 in each of the four months. The obligor would also still owe the original $4.00 processing fee.
If the processing fee is only imposed on the current support payment, the obligor would owe $4.00 in processing fees for the first missed support payment and a $4.00 processing fee in each of the months that the obligor was ordered to pay $200.00 in support and $50.00 in arrearages. In other words, the processing fee of two per cent would only ever be imposed on the current support payment. It would be collected when the obligor actually made a payment. Under this interpretation of the statute, the obligor would only need to pay a two per cent fee with every payment, whether it be for current support or for arrearages, to pay off the processing fees. In the example set forth above, that would mean that the obligor would pay a $4.00 processing charge on his/her $200.00 current support payment and a $1.00 processing charge on his/her $50.00 arrearage payment. The $1.00 processing charge on the arrearage payment would be credited against the $4.00 processing charge arrearage that was imposed when the $200.00 current payment was not made.
I would find that the correct interpretation of R.C. 2301.35(G)(1) is that the two per cent can only be imposed on the current support payment and not on the arrearage payment. I reach this conclusion by reading R.C. 2301.35(G)(1) in pari materia with the former R.C. 5101.325(B)(1).[5]
R.C. 5101.325(B)(1) charged the Ohio Department of Job and Family Services with maintaining an account for unpaid processing fees for each obligor:
 (B)(1) The division [of child support in the department of job and family services] shall collect the charge imposed on the obligor under the support order pursuant to division (G)(1) of section 2301.35
of the Revised Codes. If an obligor fails to pay the required amount with each current support payment due in increments specified under the support order, the division shall maintain a separate arrearage account of that amount for that obligor. . . . (Emphasis added.)
Pursuant to R.C. 2301.35(J)(1), "current support payment", as used in that section, means the amount of support due an obligee that an obligor is required to pay in a particular payment for the current month as specified in a support order. And, specifically, "current support payment" does not include payments on arrearages under the support order.[6] It appears from a reading of 5101.325(B)(1) that processing fee arrearages accumulate only when the fee is not paid on the current support payment. R.C. 5101.325(B)(1) does not say that processing fee arrearages accumulate when the fee is not paid on arrearage payments. Therefore, in reading the statutes together, I find that there was no intention by the legislature to impose a processing fee on the arrearage portion of a support order.
"Support order" was defined in R.C. 2301.34[7] as an order requiring payment of support issued pursuant to section 2151.23, 2151.231
[2151.23.1], 2151.232 [2151.23.2], 2151.33, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3109.19, 3111.13, 3111.20, 3111.211 [3111.21.1], 3111.22, 3113.04, 3113.07, 3113.31, or 3115.31 of the Revised Code. The code sections cited generally deal with the issuance and modification of child and/or spousal support orders in custody, divorce, domestic violence and parentage cases and in criminal cases as a condition of suspended sentences. These code sections do not generally address the issuance of orders on arrearages. However, "support order" is used in many contexts in the Revised Code where an ordered payment on arrearages would, by common sense, be included in the definition of support order. So, I do not rely on a strict reading of R.C. 2301.34(B) for my conclusion. I rely instead on a reading of the statutes in pari materia
even though I reach a conclusion contrary to the majority, who also interpreted the statutes in pari materia.
I would affirm the decision of the trial court.
[4] This statute was repealed effective March 22, 2001, after the decisions in the cases sub judice. Processing fees are now addressed in R.C. 3119.27 and 3119.28.
[5] As noted by the majority, this statute was repealed effective March 22, 2001. But cf. R.C. 3121.58.
[6] As of March 22, 2001, R.C. 2301.35 was repealed. The language that previously was in R.C. 2301.35(G)(1) is now in R.C. 3119.28.
[7] Repealed 3/22/01. Similar language is now in R.C. 3119.01(B)(2) and (5) and (C)(2) and (3).